UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL D. PUGLISI,

        Plaintiff,

 v.                 **DECISION AND ORDER**
                      07-CV-628S
MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

    1.  Plaintiff Michael D. Puglisi challenges an Administrative Law Judge's ("ALJ") determination that he is not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges that he has been disabled by lupus, seizures, arthritis, urinary problems, depression, a psychological eating disorder, and digestive problems, since August 25, 2006. Plaintiff contends that because his impairments render him unable to work, he is entitled to disability benefits under the Act.

    2.  Plaintiff filed applications for disability insurance and Supplemental Security Income benefits on September 16, 2005. Plaintiff's eligibility for each of these benefit programs is contingent upon a finding that he is disabled under the Act.

    3.  Plaintiff's applications were initially denied, prompting him to request a hearing before an ALJ. The ALJ conducted a hearing on May 14, 2007, at which time Plaintiff appeared with counsel and testified. Vocational Expert Timothy P. Janikowski also appeared and testified. The ALJ considered the case *de novo*, and on July 12, 2007, issued a written decision denying Plaintiff's applications for benefits. On August 23, 2007, the Appeals Council denied Plaintiff's request for review. Plaintiff filed this action

challenging Defendant's final decision on September 21, 2007.[1]

4. On February 28, 2008, the Defendant filed a Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. After full briefing, this Court deemed the motion submitted and reserved decision. For the following reasons, Defendant's motion is granted.

5. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

6. "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support

---

[1] The ALJ's decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

7.  The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act. See 20 C.F.R. § § 404.1520, 416.920. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, and it remains the proper approach for analyzing whether a claimant is disabled. 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987)

8.  This five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

9.	Although the claimant has the burden of proof on the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step is divided into two parts: First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

10.	In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since August 25, 2006 (R. at 14);[2] (2) Plaintiff has the following severe impairments within the meaning of the Act: lupus, focal segmental glomerulosclerosis, a depressive disorder, alcohol abuse and cannabis abuse (R. at 14); (3) Plaintiff's impairments do not meet or medically equal any of the impairments listed in Appendix 1, Subpart P, Regulation No. 4 (R. at 15); (4) Plaintiff retained the residual functional capacity to perform light work with limitations[3] (R. at 16); (5) Plaintiff has no past relevant work (R. at 22); and (6) Plaintiff is a "younger individual" who retains a residual functional capacity to perform work available

---

[2] Citations to the underlying administrative record are designated as "R."

[3] The ALJ found that "the claimant has the residual functional capacity to lift and carry up to 20 pounds occasionally and 10 pounds frequently, sit up to 6 hours and stand and/or walk about 6 hours out of an 8 hour workday. He must be allowed to change between sitting and standing as needed. The claimant can occasionally perform complex and detailed tasks. He can frequently attend and concentrate for extended periods. He should avoid concentrated exposure to heights, moving machinery, temperature extremes, dust, and other respiratory irritants. He should avoid even moderate exposure to the sun." (R. at 16.)

4

in the national economy (R. at 22). Ultimately, the ALJ concluded that Plaintiff was not under a disability as defined by the Act at any time through the date of his decision. (R. at 23.)

11.  Plaintiff challenges the ALJ's decision on three grounds. First, Plaintiff challenges the ALJ's credibility determination. Plaintiff argues that the ALJ "totally discredited [his] testimony," particularly because of his differing accounts of his past use of alcohol and marijuana. He also argues that the ALJ ignored evidence of his positive ANA test, and therefore improperly doubted that he suffered from lupus.

Credibility determinations are generally reserved to the Commissioner, not the reviewing court. Aponte v. Sec'y of Health and Human Svcs., 728 F.2d 588, 591 (2d Cir. 1984) (holding that it is the job of the Commissioner and not the reviewing court to make determinations on the credibility of witnesses); Carrol v. Sec'y of Health and Human Svcs., 705 F.2d 638, 642 (2d Cir. 1982) (similar). Here, the ALJ adequately articulated the reasons why he found Plaintiff to be less than credible. He thoroughly explained the inconsistencies regarding Plaintiff's drug and alcohol use (R. at 21-22), Plaintiff's ability to care for himself (R. at 15, 21), and why the objective medical evidence did not fully support Plaintiff's subjective complaints, (R. at 17-22). Moreover, contrary to Plaintiff's argument, the ALJ considered his positive ANA test concerning his lupus, as evidenced by his citation to that medical record. (R. at 15 (citing Exhibit 13F), 264.) In any event, although the ALJ found little objective evidence of lupus, he nonetheless afforded Plaintiff the benefit of the doubt and found that he suffered from lupus, and that it was a severe impairment. (R. at 15.) Thus, this Court finds no cause to disturb the ALJ's credibility finding.

12. Second, Plaintiff argues that the ALJ failed to fully develop the record by not obtaining the medical evidence underlying his prior applications for benefits. But Plaintiff was represented by counsel before the ALJ and his prior period of disability was terminated because he returned to substantial gainful activity. The ALJ was therefore not required to obtain the prior claim file. See Social Security Administration Office of Hearings and Appeals, HALLEX: Hearings, Appeals and Litigation Law Manual ("HALLEX Manual"), I-2-1-10 (September 2005) (instructing that the prior claim file is not necessary when "[t]he claimant performed substantial gainful activity after any prior claims were adjudicate")[4]; DeChirico v. Callahan, 134 F.3d 1177, 1184 (2d Cir. 1998).

13. Finally, Plaintiff argues that the ALJ improperly discounted his subjective complaints of psychiatric problems. An ALJ need not rely solely on a plaintiff's subjective complaints; rather, the ALJ is entitled to evaluate the record as a whole in determining whether a plaintiff's claim of disability is credible and meritorious. The ALJ is required to set forth the essential considerations upon which his or her decision is based, with sufficient particularity to enable the reviewing court to decide whether the disability determination was supported by substantial evidence. See Mongeur v. Heckler, 722 F.2d 1033, 1040 (2d Cir. 1983) ("When, as here, the evidence of record permits us to glean the rationale of an ALJ's decision, we do not require that he . . . mention[ ] every item of testimony presented to him or . . . explain[ ] why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of disability."); see also Miles v. Harris, 645 F.2d 122, 124 (2d Cir. 1981) (holding that the court was unwilling to require the ALJ to explicitly reconcile every conflicting shred of evidence provided that he carefully considered the evidence in reaching his decision).

---

[4]Available at www.ssa.gov.

Here, the ALJ considered Plaintiff's subjective complaints, but concluded that Plaintiff was not credible. As noted, the ALJ thoroughly explained the inconsistencies in the record regarding Plaintiff's drug and alcohol use (R. at 21-22), Plaintiff's ability to care for himself (R. at 15, 21), and why the objective medical evidence did not fully support Plaintiff's subjective complaints, (R. at 17-22). In this Court's view, the ALJ sufficiently articulated his rationale for concluding that Plaintiff's subjective complaints regarding his limitations were not totally credible.

14.   After carefully examining the administrative record, this Court finds that substantial evidence supports the ALJ's decision, including the objective medical evidence and medical opinions contained therein. This Court is satisfied that the ALJ thoroughly examined the record and afforded appropriate weight to all of the medical evidence in rendering his decision that Plaintiff is not disabled within the meaning of the Act. Finding no reversible error, this Court will grant Defendant's Motion for Judgment on the Pleadings.

IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 5) is GRANTED.

FURTHER, that the Clerk of the Court shall close this case.

SO ORDERED.

Dated:   September 17, 2008
        Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge